**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 2245 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002465-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 2246 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008413-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 2247 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008416-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 2248 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000374-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 2249 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000375-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WAYNE PRATER | : | |
| | : | |
| Appellant | : | No. 2250 EDA 2022 |

Appeal from the PCRA Order Entered August 5, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012511-2011

BEFORE: BENDER, P.J.E., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 22, 2024**

Wayne Prater (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We affirm.

At the above six dockets, Appellant "stands convicted of multiple crimes against his estranged girlfriend and the mother of his children." *Commonwealth v. Prater*, 256 A.3d 1274, 1279 (Pa. Super. 2021).[1] On November 2, 2012, the trial court sentenced Appellant to an aggregate 35½ to 71 years of imprisonment, including 10 to 20 years for risking a catastrophe, a third-degree felony. This Court affirmed Appellant's judgment of sentence. *Commonwealth v. Prater*, 102 A.3d 522 (Pa. Super. 2014) (unpublished memorandum). Appellant did not seek review with the Pennsylvania Supreme Court.

On March 15, 2015, Appellant filed a timely PCRA petition. The PCRA court denied relief on May 31, 2017. Appellant appealed. Upon finding that Appellant's counsel failed to properly represent Appellant, this Court vacated the PCRA court's order, remanded the case for further proceedings, and relinquished jurisdiction. *Commonwealth v. Prater*, 201 A.3d 803 (Pa. Super. 2018) (unpublished memorandum).

_____

[1] A jury convicted Appellant of "three counts of contempt of a court order; two counts each of assault, harassment, burglary, and terroristic threats; and one count each of criminal trespass, criminal mischief, resisting arrest, stalking, endangering another person, aggravated assault, risking a catastrophe, possession of an instrument of crime, and making offensive weapons." *Prater*, 256 A.3d at 1279.

- 3 -

In 2019, Appellant's new PCRA counsel filed an amended petition in which Appellant claimed his 10 to 20 year sentence for risking a catastrophe was illegal because the statutory maximum sentence was 7 years.[2] Appellant also raised multiple claims of trial counsel's ineffectiveness.

On January 28, 2020, the PCRA court resentenced Appellant to 3½ to 7 years for risking a catastrophe, resulting in an aggregate sentence of 29 to 58 years of imprisonment. *See Prater*, 256 A.3d at 1280 (explaining the PCRA court "issued a new written judgment of sentence imposing a sentence of 3½ to 7 years of imprisonment for risking a catastrophe while keeping the sentences on all other counts the same as in Appellant's original sentence"). In addition, the PCRA court denied Appellant's claims of trial counsel's ineffectiveness. *Id.* Appellant "filed a notice of appeal from both his new judgment of sentence and the denial of PCRA relief on his ineffectiveness claims." *Id.*

On July 9, 2021, this Court affirmed "the order granting in part and denying in part Appellant's amended PCRA petition and affirm[ed] the order imposing Appellant's new judgment of sentence." *Id.* at 1289. Our Supreme Court denied Appellant's petition for allowance of appeal on December 1, 2021. *Commonwealth v. Prater*, 268 A.3d 386 (Pa. 2021).

---

[2] The Commonwealth agreed with this sentencing claim. *See* Commonwealth's Brief at 4.

Appellant filed the underlying PCRA petition three weeks later, on December 21, 2021. The Commonwealth filed a motion to dismiss the petition on the basis that it was untimely. The Commonwealth averred that Appellant "fail[ed] to acknowledge the [PCRA] time-bar let alone prove an exception to it." Motion to Dismiss, 6/6/22, at 5.

On July 15, 2022, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. The court dismissed Appellant's petition on August 5, 2022. Appellant filed notices of appeal at each of the six dockets.[3] This Court consolidated the appeals *sua sponte* on January 17, 2023.

Appellant presents four issues for review.[4] Appellant claims:

1. The PCRA court denied review of a meritorious claim related to illegal sentence, where the [j]udge considered aggravated circumstances not found by a jury beyond a reasonable doubt in violation of **Apprendi v. New Jersey**, [530 U.S. 466 (2000),] and its progeny **Alleyne v. United States**, [570 U.S. 99 (2013)].

2. Whether the PCRA [c]ourt err[]ed in finding Appellant's initial PCRA [petition] as untimely, when Appellant was resentenced on 1-28-20 and final appeal to [Pennsylvania] Supreme Court was given a decision on 12-1-21?

---

[3] The notices of appeal list all six docket numbers. In **Commonwealth v. Walker** 185 A.3d 969 (Pa. 2018), the Pennsylvania Supreme Court held that an appellant must file separate notices of appeal when a single order resolves issues on more than one docket. **See also** Pa.R.A.P. 902(a) ("A notice of appeal must be filed in each docket in which the order has been entered."). This Court subsequently held "the fact that the notices contain[ more than one] lower court number[] is of no consequence." **Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*).

[4] Appellant has withdrawn six of his ten original issues. Appellant's Brief at 5.

a.) Knowing [the] PCRA [petition] was filed on 12-21-21 addressing PCRA [c]ounsel [i]neffectiveness pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 [(Pa.)] 2021?

3. Was Appellant denied a meaningful review of his [a]bandonment of [c]ounsel claim when every [c]ourt appointed [a]ttorney misle[d], lied, and misrepresented all facts in the case in violation of Pa. Const. Art. 1 § 9 and U.S. Const. 6th Amendment to effective counsel?

4. Whether [the t]rial/PCRA [c]ourt violated Appellant's [c]onstitutional [r]ight to [d]ue [p]rocess of [l]aw when it never addressed, he[a]rd, gave any decision or any hearing for [a] filed [s]uppression [m]otion [d]ated 8-5-11, when listed on [the] docket to be he[a]rd at trial?

Appellant's Brief at 4-5.

Our review of Appellant's issues "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

Instantly, the PCRA court concluded "Appellant's appeal is devoid of any justification for relief" because his petition "was statutorily untimely without benefit of the limited time-barred exceptions." PCRA Court Opinion (PCO), 12/7/22, at 8. The PCRA court further found Appellant's issues lack merit, "having either previously been subject to review, and are frivolous, lacking support in law or fact." ***Id.***

The Commonwealth likewise argues Appellant's petition "is facially untimely, and he failed to plead and offer to prove an exception to the PCRA's time provisions." Commonwealth's Brief at 5. The Commonwealth states:

> Neither the filing of [Appellant's] initial, timely petition nor the subsequent grant of sentencing relief "reset the clock" for calculating the timeliness of his second, untimely petition because all of [Appellant's] present claims relate to his original judgments of sentence. Therefore, the PCRA court properly dismissed [Appellant's] untimely petition.

*Id.*

This Court has held that "a successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." *Commonwealth v. McKeever*, 947 A.2d 782, 785 (Pa. Super. 2008). "We reached this conclusion because the purpose of the PCRA is to prevent an unfair conviction." *Id.* (citation omitted). We explained:

> Our conclusion is wholly supported by the principle that, where a defendant is convicted of multiple charges and sentenced on those charges separately, his appellate challenge to one of the sentences, to the exclusion of the others, does not affect the operation of the other sentences.

*Id.* at 786.

It is well-settled that the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super.

2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, a statutory exception to the time for filing the petition. 42 Pa.C.S. § 9545(b)(1). There are three exceptions to the time bar: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. **See Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S. § 9545(b)(1)(i-iii)). A petition invoking an exception must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Exceptions to the time-bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues are waived when raised for the first time on appeal). If a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

We agree that Appellant's petition is untimely. When the PCRA court re-sentenced Appellant for risking a catastrophe, it "affected his sentence only" and "did not 'reset the clock' for the calculation of the finality of [Appellant's] judgment of sentence." **McKeever**, 947 A.2d at 785.

The Commonwealth observes that Appellant's "present claims relate to his original judgments of sentence." Commonwealth's Brief at 5; *id.* at 7 (stating Appellant's claims "did not pertain to his resentencing but rather to a myriad of unrelated issues"). Appellant inartfully argues that his aggregate sentence is illegal. ***See, e.g.***, Appellant's Brief at 18 (stating, "It's clear from Appellant's sentence that something is not right"). A legality of sentencing issue must be raised in a **timely** PCRA petition. "Although legality of sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

We are also unpersuaded by Appellant's invocation of ***Bradley***, ***supra*** to assail the representation of PCRA counsel. In ***Bradley***, our Supreme Court held a PCRA petitioner "may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Bradley***, 261 A.3d at 401. However, this Court has declined to apply ***Bradley*** in cases involving untimely PCRA petitions. ***See, e.g.***, ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023) (stating "our Supreme Court in ***Bradley*** unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel") (emphasis in original, citation omitted).

This Court affirmed Appellant's judgments of sentence on April 7, 2014. Because Appellant did not seek review with the Pennsylvania Supreme Court, the judgments of sentence became final on May 7, 2014. *See* 42 Pa.C.S. § 9545(b)(3). Appellant had to file his PCRA petition on or about May 7, 2015, to be timely, unless he pled and proved an exception to the time-bar. *Brandon*, *supra*. Appellant filed his petition on December 21, 2021, and did not plead or prove an exception to the time-bar. *See* PCO at 5 (stating, "None of the limited, specific exceptions are claimed, developed, or apply to this scenario"). The PCRA court concluded:

> Appellant's appeal is devoid of any justification for relief. At the outset, the instant PCRA was statutorily untimely without benefit of the limited time-barred exceptions. Moreover, the issues presented are without merit, having either previously been subject to review, and are frivolous, lacking support in law or fact. Appellant is not entitled to relief.

*Id.* at 8.

Our review reveals no error. Accordingly, we affirm the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/22/2024

- 10 -